UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BBC CHARTERING & LOGISTIC GmbH & CO. KG and BRIESE SCHIFFAHRTS GmbH & CO. KG | § § § § § § | |
| *Plaintiffs* | § § | CIVIL ACTION NO. _____ |
| V. | § § | **ADMIRALTY** |
| TOSHIBA INTERNATIONAL CORPORATION; TOSHIBA CORPORATION; UTOC CORPORATION; UTOC AMERICA, INC.; NIPPONKOA INSURANCE CO., LTD; and VERICLAIM, INC. | § § § § § § § § § | Pursuant to Rule 9(h) of the Federal Rules of Civil Procedure |
| *Defendants* | § | |

## COMPLAINT FOR DECLARATORY JUDGMENT

The plaintiffs, BBC Chartering & Logistic GmbH & Co. KG ("BBC") and Briese Schiffahrts GmbH & Co. KG ("Briese"), file this Original Complaint for Declaratory Judgment and respectfully represent:

I.

The plaintiffs request that this Court declare the rights, liabilities and other legal relationships under a contract for the carriage of goods by sea and to determine rights arising under said contract.

II.

The defendants, Toshiba Corporation ("Toshiba Corp."), Toshiba International Corporation ("Toshiba International"), UTOC Corporation ("UTOC Corp."), UTOC America,

Inc. ("UTOC America"), Nipponkoa Insurance Co., Ltd. ("Nipponkoa"), and VeriClaim, Inc. ("VeriClaim"), are entities that would be affected by this Declaration.

III.

BBC is a foreign corporation organized and existing under the laws of a state other than the state of Texas, with its principal offices in Leer, Germany, and who was and is engaged in the business of operating vessels for the carriage of goods by sea. Specific to this action, BBC is the time charterer of the M/V BBC ODER.

IV.

Briese is a foreign corporation organized and existing under the laws of a state other than the state of Texas, with its principal offices in Leer, Germany, and who was and is engaged in the business of operating vessels for the carriage of goods by sea. Specific to this action, Briese is the owner/owner *pro hac vice* of the M/V BBC ODER.

V.

Toshiba Corp. is a foreign corporation organized and existing under the laws of a state other than the state of Texas, and who is doing business within this District.

VI.

Toshiba International, on information and belief, is a foreign corporation organized and existing under the laws of the state of California, with its principal place of business in Houston, Texas, and who is doing business within this District.

VII.

UTOC Corp. is a foreign corporation organized and existing under the laws of a state other than the state of Texas, and who is doing business within this District.

VIII.

UTOC America, on information and belief, is a foreign corporation organized and existing under the laws of the state of California, with it's principal place of business in that state, who is doing business within this District.

IX.

Nipponkoa is a foreign corporation organized and existing under the laws of a state other than the state of Texas, and who is doing business within this District.

X.

VeriClaim, on information and belief, is a foreign corporation organized and existing under the laws of the state of Delaware, with its principal place of business in the state of Illinois, and who is doing business within this District.

XI.

The BBC ODER is an ocean going vessel engaged in the common carriage of goods by sea for hire, which was to carry the cargo at the center of this dispute from Yokohama, Japan, to Wilmington, North Carolina, with carriage beginning on or about July 16, 2011.

XII.

This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has jurisdiction over this action under 28 U.S.C. § 1331, as this action arises under the laws of the United States, in particular, the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C.A. § 30701 *et. seq.,* which the plaintiffs assert is applicable to this contract for carriage both under the terms of the applicable contract of carriage and by operation of law, as well as 28 U.S.C. § 1333, as this is a claim that arises under the Court's admiralty and maritime jurisdiction.

XIII.

On or about June 6, 2011, BBC entered into a contract for carriage of a cargo of approximately 120 packages said to contain equipment for a power plant to be carried from Yokohama, Japan, to Wilmington, North Carolina, aboard the M/V BBC ODER.  *See* Booking Note dated June 6, 2011, attached hereto as Exhibit A.  UTOC Corp. is listed as the merchant on the Booking Note.  *See Id.*   On information and belief, UTOC Corp. and/or UTOC America were acting as a freight forwarder and/or Non-Vessel Operating Common Carrier ("NVOCC"), and the cargo to be shipped was actually owned by Toshiba Corp. and/or Toshiba International.  Nipponkoa and/or VeriClaim are and were at all relevant times an insurer(s) of the cargo.

X.

The cargo, ultimately consisting of 158 packages, was loaded onboard the BBC ODER in Yokohama, Japan on July 16, 2012.  At that time BBC issued a Bill of Lading to UTOC.  *See* Bill of Lading No. BBCH5565507YW01, attached hereto as Exhibit B.

XI.

The Bill of Lading No. BBCH5565507YW01 and the terms and conditions of both Bill of Lading and Booking Note provide as follows:

> PARTICULARS DECLARED BY THE SHIPPER BUT NOT ACKNOWLEDGED BY THE CARRIER
>
> Number and kind of packages; description of cargo
> SAID TO BE
>
> 158 PACKAGES
> (7 BARES, 143 CASES, 7 SKIDS & 1 STEEL SKID) . . .
>
> Special Clauses
>
> B.    U.S. Trade Period of Responsibility

(i)     In case the contract evidenced by this bill of lading is subject to the U.S. Carriage of Goods by Sea Act of the United States of America 1936 (U.S. COSGA), then the provisions stated in said act shall govern before loading, and after discharge and throughout the entire time the cargo is in the carrier's custody and in which event freight shall be payable on the cargo coming into the Carrier's custody.  For U.S. trades, the terms on file with the U.S. Federal Maritime Commission shall apply to such shipments.  In the event that U.S. COGSA applies, then the Carrier may, at the Carrier's election, commence suit in a court of proper jurisdiction in the United States in which case this court shall have exclusive jurisdiction.

(ii)    If the U.S. COGSA applies, and unless the nature and value of the cargo has been declared by the shipper before the cargo has been handed over to the carrier and inserted in this Bill of Lading, the Carrier shall in no event be or become liable for any loss or damage to the cargo in any amount exceeding USD500 per package or customary freight unit.  If, despite the provisions of 3(a), the Carrier is found to be liable for deck cargo, then all limitations and defenses available under US COGSA (or other applicable regime) shall apply and suit may be brought by the Carrier at the Carrier's election in the U.S. District Court of proper jurisdiction.

*See Id.*

XII.

Although BBC and Briese provided the defendants with the opportunity to declare a value of the cargo, there is no declared value of the cargo listed on either the Booking Note dated June 6, 2011, or the Bill of Lading No. BBCH5565507YW01.  *See* Exhibit A; Exhibit B.

XV.

The defendants have wrongfully alleged liability on the part of BBC and Briese for damage to two packages, No. PY-TSB-T-007 and PY-TSB-T-011.  Accordingly, BBC / Briese and the defendants are entities interested under the contract for carriage within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

XVI.

Further, any and all alleged liability on the part of BBC and/or Briese is specifically denied. Even assuming, however, purely for sake of argument, that BBC and/or Briese are responsible for the damage and/or loss, such damage / loss is subject to the U.S. $500.00 package limitation contained in COGSA.

WHEREFORE, the plaintiffs, BBC Chartering & Logistic GmbH & Co. KG and Briese Schiffahrts GmbH & Co. KG, pray that the defendants, Toshiba Corporation, Toshiba International Corporation, UTOC Corporation, UTOC America, Inc., Nipponkoa Insurance Co., Ltd., and VeriClaim, Inc., be cited and served and that after all legal delays and proceedings, this Court declare that:

The exceptions provided for by COGSA are a complete liability shield preventing any recovery by the defendants from the plaintiffs for the alleged damaged and/or loss cargo.

In the alternative, the limitation of liability provisions in COGSA applies to the contract of carriage, thus limiting any potential recovery of the defendants to $500.00 per package and/or C.F.U., for the alleged damages to the two packages.

In the further alternative, the plaintiffs are entitled to the benefits of the Limitation of Liability Act, 46 U.S.C. § 181, *et seq*., as the alleged damage to cargo, if any, occurred without plaintiffs' privity or knowledge.

          Respectfully submitted,

          /s/ *Jason P. Waguespack*
          Jason P. Waguespack, T.A.
            Federal I.D. No. 268357
          GALLOWAY, JOHNSON, TOMPKINS,
          BURR & SMITH
          One Shell Square, 40th Floor
          701 Poydras Street
          New Orleans, Louisiana 70139
          Telephone:  (504) 525-6802
          Telecopier:  (713) 525-2456

OF COUNSEL:
Nathan G. Orf (LA #34375)
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Telephone:  (504) 525-6802
Telecopier:  (504) 525-2456
ATTORNEYS FOR PLAINTIFFS
BBC CHARTERING & LOGISTIC GmbH & CO. KG
AND BRIESE SCHIFFAHRTS GmbH & CO. KG

7